FILED
2026 Sep-09 AM 09:03
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**NORTHEASTERN DIVISION**

| | |
|---|---|
| **PAYTON ROHRSCHEIB,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 5:26-cv-718-HDM** |
| **MATT GENTRY, *et al.*,** | |
| **Defendants.** | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Payton Rohrscheib commenced this action with the assistance of counsel on April 29, 2026, (doc. 1), and was therefore required to serve the defendants on or before July 28, 2026, *see* Fed. R. Civ. P. 4(c)(1). When this deadline came and went with no indication that Rohrscheib had effectuated service or even attempted to do so, the court ordered him to show cause why this action should not be dismissed for his failure to prosecute. (Doc. 3). This matter is before the court on Rohrscheib's response to that order, (doc. 7), which the court finds insufficient to demonstrate good cause, or, indeed, to *attempt* to demonstrate *any* cause, for his untimely service. Accordingly, Rohrscheib's Complaint, (doc. 1), is **DISMISSED WITHOUT PREJUDICE** for his failure to prosecute.

In a civil suit, it is the plaintiff's responsibility to serve the defendants with a summons and copy of the complaint, Fed. R. Civ. P. 4(c)(1); *Lepone-Dempsey v.*

*Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1280 (11th Cir. 2007), and then prove such service to the court, Fed. R. Civ. P. 4(l)(1). If a plaintiff fails to serve a defendant within ninety days of filing the complaint, "the court—on motion or on its own after notice to the plaintiff—**must** dismiss the action without prejudice . . . or order that service be made within a specified time," unless the plaintiff can show good cause to excuse the delay and extend the period for service. Fed. R. Civ. P. 4(m) (emphasis added). In the Eleventh Circuit,

> [T]here is a two-step inquiry when a district court considers whether to dismiss a case without prejudice for failing to effect timely service or direct that service be effectuated within a specified time pursuant to Rule 4(m). First, the district court determines whether the plaintiff demonstrated good cause for failure to timely effectuate service. Second, even if the plaintiff failed to demonstrate good cause, the district court must determine whether the facts of the case justify a permissive extension of the service period.

*Moon v. Williams*, No. 25-10365, 2026 WL 513706, at *5 (11th Cir. Feb. 20, 2026) (per curiam) (citation omitted). *See also Bilal v. Geo Care, LLC*, 981 F.3d 903, 919 (11th Cir. 2020) (reiterating two-step framework). Under this two-step inquiry, the court finds it is appropriate to dismiss Rohrscheib's Complaint without prejudice because he has not demonstrated good cause for his untimely service and no circumstances warrant an extension of the service period.

First, the court finds that Rohrscheib has not "demonstrated good cause for failure to timely effectuate service." *Moon*, 2026 WL 513706, at *5. "Good cause exists **only** when some outside factor, such as reliance on faulty advice, rather than

inadvertence or negligence, **prevented** service," *Lepone-Dempsey*, 476 F.3d at 1281 (cleaned up) (emphasis added). A "lawyer's negligence constitutes no 'good cause' for purposes" of excusing untimely service under Rule 4. *Reis v. Comm'r of Soc. Sec.*, 710 F. App'x 828, 829 (11th Cir. 2017) (per curiam). In his response to the court's order to show case, Rohrscheib has not identified any "outside factor" that "prevented" timely service, *Lepone-Dempsey*, 476 F.3d at 1281, and, indeed, has not even tried to explain the delay. Whereas one might have expected Rohrscheib to attempt to identify some extenuating circumstances that prevented him from serving his Complaint upon the defendants within ninety days, he merely summarizes the docket in this case, (doc. 7, ¶¶ 1–3), and then "respectfully requests that this Court decline to dismiss this action," *id.*, ¶ 5.[1] There is nothing in the response from which the court could identify the *cause* of the untimely service and certainly nothing from which the court could decide if it was *good cause*. He identifies no "outside factor, such as reliance on faulty advice, . . . [that] prevented service," *Lepone-Dempsey*, 476 F.3d at 1281, and, again, *did not even try to do so*, (*see generally* doc. 7).

Having found that Rohrscheib has not shown good cause for his untimely service, the court proceeds to the second question mandated by the Eleventh Circuit and considers whether "the facts of the case justify a permissive extension of the

[1] The fact that Rohrscheib, obviously motivated by the court's order, did eventually serve some of the defendants, (doc. 4; doc. 5; doc. 6; doc. 7, ¶ 4), has no bearing on whether there was "good cause" for his failure to do so within ninety days, Fed. R. Civ. P. 4(m).

service period." *Moon*, 2026 WL 513706, at *5. *See also Bilal*, 981 F.3d at 919. Circumstances that may warrant an extension of time include when the statute of limitations would prevent refiling or when the defendant evades service. *Bilal*, 981 F.3d at 919. Upon receipt of Rohrscheib's response to the court's order to show cause, the court has duly "consider[ed] whether any other circumstances warrant an extension of time based on the facts of the case," *Lepone-Dempsey*, 476 F.3d at 1282, and finds no such extension is warranted. All of Rohrscheib's claims arise under either 42 U.S.C. § 1983 or the Fair Labor Standards Act (the "FLSA"), (doc. 1, ¶ 6), both of which are subject to a two-year statute of limitations, *see, e.g.*, *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1280 (11th Cir. 2008) (FLSA); *Shuler v. Duke*, 792 F. App'x 697, 702 (11th Cir. 2019) (per curiam) (Section 1983). The pertinent factual allegations in Rohrscheib's Complaint all occurred in March and April of 2026, (*see generally* doc. 1), and, therefore, neither Section 1983 nor the FLSA's statute of limitations would prevent him from reasserting these claims. Moreover, there is no suggestion in this case that any of the defendants evaded service, *Bilal*, 981 F.3d at 919, or "obscure[d] an issue with attempted service," *Moon*, 2026 WL 513706, at *5. Indeed, the ease with which Rohrscheib served some of them *after* the court's order to show cause, (doc. 4; doc. 5; doc. 6), suggests the contrary. The court has conducted a thorough examination of the scant record in this case and finds that there are no circumstances that "justify a permissive extension of

the service period," *Moon*, 2026 WL 513706, at *5, and, therefore, it "**must** dismiss the action without prejudice," Fed. R. Civ. P. 4(m) (emphasis added).

For all the reasons set forth herein, Plaintiff Payton Rohrscheib's Complaint, (doc. 1), is **DISMISSED WITHOUT PREJUDICE** for his failure to prosecute, with all pending motions **DENIED AS MOOT**. The court will enter a separate final judgment.

**DONE** and **ORDERED** on September 9, 2026.

**HAROLD D. MOOTY III**
UNITED STATES DISTRICT JUDGE